**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**Civil Action No. 3:22-cv-00560-LLK**

**PATRICIA E.**                                                                                           **PLAINTIFF**

**v.**

**MARTIN O'MALLEY, Commissioner of Social Security**                        **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claims for Social Security disability benefits.  [Doc. 1].  Plaintiff's memorandum in support of judicial review is at Doc. 15-1, and the Commissioner's response in opposition is at Doc. 17.  The parties have consented to the jurisdiction of the Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 13].  The Court reassigned this case to the undersigned Magistrate Judge pursuant to Local Rule 40.1(b).  [Doc. 18].

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On August 10, 2021, the ALJ issued the Commissioner's final decision denying Plaintiff's disability claims.  [Administrative Record, Doc. 12 at 17-30].  The ALJ found that Plaintiff was not disabled from January 31, 2019, when she alleges that she became disabled, through August 10, 2021, the date of the ALJ's decision.  *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 31, 2019, when she alleges that she became disabled.  *Id.* at 20.

1

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  recurrent left shoulder adhesive capsulitis, status post manipulation x 3, with bursitis, lumbar degenerative disc disease with disc protrusions and stenosis, chronic regional pain syndrome of the left leg, left saphenous neuropathy, migraine headaches, and history of multiple ovarian cysts, status post hysterectomy, status post ventral hernia repair.  *Id.*

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 22.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding his physical impairments, Plaintiff can:

> … perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant requires a sit/stand option with no prolonged standing or walking in excess of 30 minutes without interruption, no climbing or ropes, ladders, or scaffolds, occasional climbing of ramps and stairs, and no operation of foot pedals controls with the left leg … can occasionally push and pull with the bilateral lower extremities, but never overhead reach with the non-dominant left upper extremity … can occasionally stoop, kneel, crouch, or crawl, but tolerate no concentrated exposure to temperature extremes, vibration, dust, gases, smoke, fumes, poorly ventilated spaces, or industrial hazards … can tolerate a moderate noise intensity level.

*Id.* at 23.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 28.

Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, sedentary jobs in the national economy such as document preparer, cutter / paster, and addresser.  *Id.* at 29.

### Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance."  *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of

2

credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

**The ALJ's erroneous suggestion that Plaintiff drove to Maryland was, at worst, harmless error.**

First, Plaintiff argues that a reversible error occurred in connection with the ALJ's translation of a physical therapy note that referenced Plaintiff's "taking her mother to MD visit" as taking her mother to Maryland (as opposed to taking her mother to a doctor's visit). [Doc. 15-1 at PageID.2529].

A note from Bardstown Rehab Physical Therapy dated March 26, 2019, stated that:

Pt reports pain flared up out of nowhere last Friday when she was **taking her mother to MD visit**. Cervical movements may be to blame as she was driving in unfamiliar territory and was more tense due to this fact. Reports of pain were better following therapy intervention.

*(emphasis added)* [Doc. 12 at 671].

In her decision on August 10, 2021, the ALJ references the above physical therapy note in the context of evaluating Plaintiff's upper extremity limitations:

The claimant testified that her left upper extremity was "useless," but physical therapy notes in March 2019 indicated only a mild loss of function of the left upper extremity. Muscle testing showed -5/5 strength in the left shoulder with extension, flexion, external and internal rotation, and elbow extension. She had 5/5 strength with shoulder abduction and elbow extension. Notes indicated a flare in pain after driving her mother to Maryland, but a reduction after therapy. The claimant was discharged from therapy in April 2019 with full range of motion in the left upper extremity, but residual pain and weakness (Exhibit B4F/100-103, 105).

[Doc. 12 at 25]. Notwithstanding her upper extremity pain after driving "to Maryland," the ALJ concluded that Plaintiff "can never overhead reach with the non-dominant left upper extremity." *Id.* at 23.

In appealing the ALJ's decision to the Appeals Council, Plaintiff submitted an affidavit indicating that, contrary to the ALJ's erroneous suggestion, she has never been to Maryland:

> My daughter Patricia England has never driven me to the state of Maryland.  Furthermore, I have never even been to Maryland.  If you have any further questions feel free to contact me.

[Doc. 12 at 25].  The Appeals Council found no basis for disturbing the ALJ's decision [Doc. 12 at 1], thereby rendering the ALJ's decision the Commissioner's final decision subject to the present judicial review.

Plaintiff argues that "this error greatly affected the ALJs decision-making in this case because it led her to believe that the plaintiff was not an honest person."  [Doc. 15-1 at PageID.2529].  "It is believed that the ALJ assigned to this case became prejudiced and antagonistic to the plaintiff because she thought that plaintiff was being untruthful in her testimony at Hearing."  *Id.*  "The ALJ specifically noted this in her written decision as support for the idea that the claimant was being untruthful in describing a very limited life, with little travel outside of her local community."  *Id.* at PageID.2531.  "If the ALJ had properly read the note as indicating a routine trip to a local medical doctor, instead of a very long trip to the East Coast, then the ALJ's thought process would not have been so negative against the claimant."  *Id.* at PageID.2532. "This silly error adversely skewed the ALJ's decision-making in this case."  *Id.*  "This is a rookie mistake that is surprising from an experienced ALJ, especially an ALJ who routinely encounters medical jargon and abbreviations."  *Id.*

Plaintiff's first argument is unpersuasive because it exaggerates the significance of the mistranslation on the ALJ's decision as a whole and lacks an adequate factual basis.  As noted above, the ALJ referenced the March 2019 note about "taking her mother to MD visit" in the context of evaluating Plaintiff's upper extremity limitations, not Plaintiff's credibility in general.  The ALJ's decision says nothing even remotely like Plaintiff's description of a limited life is belied by her drive to Maryland, nor does the decision say anything like the limiting effects of Plaintiff's pain and other subjective symptoms are not credible in light of Plaintiff's drive to Maryland.  Nothing was mentioned at the administrative hearing about Plaintiff's having driven to Maryland.  At worst, a harmless error occurred.

4

**The ALJ properly evaluated Plaintiff's left shoulder impairment.**

Second, Plaintiff argues that the ALJ's evaluation of the limiting effects of her left "frozen" shoulder impairment is not supported by substantial evidence.  [Doc. 15-1 at PageID.2534-35].

The ALJ found that Plaintiff suffers from severe, or vocationally significant, "recurrent left shoulder adhesive capsulitis, status post manipulation x 3, with bursitis" and that, due to this impairment, Plaintiff can "never overhead reach with the non-dominant left upper extremity" and she cannot climb "ropes, ladders, or scaffolds."  [Doc. 12 at 20, 23].

Plaintiff's second argument is unpersuasive because the ALJ assigned substantial limitations based on her left shoulder impairment.  Plaintiff has failed to identify what additional limitation the ALJ was required to find or explain how her left shoulder impairment renders her unable to perform the unskilled, sedentary jobs the ALJ found she could perform.

**The ALJ did not engage in improper "cherry picking" of the medical evidence.**

Third, Plaintiff argues that the ALJ engaged in improper "cherry picking" when she evaluated the medical evidence.  [Doc. 15-1 at PageID.2553, 2536].

Plaintiff's third argument is unpersuasive because "crediting it would require a court to re-weigh record evidence," which is prohibited on judicial review.  *DeLong v. Comm'r*, 748 F.3d 723, 726 (6th Cir. 2014).  "[T]he same process can be described more neutrally as weighing the evidence."  *White v. Comm'r*, 572 F.3d 272, 284 (6th Cir. 2009).  A reviewing court "does not weigh evidence, assess credibility, or resolve conflicts in testimony -- that's the ALJ's job."  *Dyson v. Comm'r*, 786 F. App'x 586, 588 (6th Cir. 2019) (citing *Crum v. Sec'y*, 921 F.2d 642, 644 (6th Cir. 1990)).

**The ALJ did not improperly "play doctor" when the ALJ found that Plaintiff's statements**
**are inconsistent with the medical evidence.**

The ALJ found that the limiting effects of Plaintiff's pain and other subjective symptoms are credible only to the extent of the ALJ's RFC finding.  [Doc. 12 at 24-25].  In so finding, the ALJ acknowledged that the types of symptoms reported could reasonably be expected to be caused by Plaintiff's

impairments.  *Id.*  However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  *Id.*  These statements are "inconsistent with the longitudinal medical evidence of record, which does not support the degree of alleged impairment, or a finding of disability."  *Id.*

Plaintiff argues that the ALJ erred in finding that her statements are inconsistent with the medical evidence as the ALJ is "a lawyer by training, not a doctor" and an "ALJ's findings regarding consistency or inconsistency between the medical proof and the plaintiff's symptoms and complaints must … come from a medical expert."  [Doc. 15-1 at PageID.2533].  "It is a medical opinion when an ALJ says that a person's symptoms are inconsistent with the medical record.  If the ALJ wishes to rely on that reason to deny a claim, then there needs to be a medical expert opinion of record that specifically addresses the issue."  *Id.* at PageID.2536.  "Only a doctor can make such determinations, and without such evidence of record there is nothing to support the ALJ's conclusions."  *Id.*

Plaintiff's fourth argument is unpersuasive because it fails to recognize that, like the ALJ's determination of a claimant's RFC, the ALJ's determination of the limiting effects of pain and other subjective symptoms, is not a purely medical question but must take into account the medical and non-medical evidence as a whole.  Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, at *7; *see Shepard v. Comm'r*, 705 F. App'x. 435, 442–43 (6th Cir. 2017) (rejecting the argument that "the ALJ's [residual functional capacity] lacks substantial evidence because no physician opined that [the claimant] was capable of light work"); *Rudd v. Comm'r*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the same argument because "the ALJ is charged with the responsibility of determining the [residual functional capacity] based on her evaluation of the medical and non-medical evidence").

**Order**

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 11, 2024

**Lanny King, Magistrate Judge**
**United States District Court**